UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULMOKNE GHALEB,

        Plaintiff,                         Civil Case No. 13-13822
                                                               Honorable Linda V. Parker

v.

AMERICAN STEAMSHIP CO.,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(3) AND REQUEST FOR A NEW TRIAL

On June 26, 2015, a jury returned a verdict in favor of Defendant and against Plaintiff in this admiralty action. The matter is now before the Court on Plaintiff's Motion to Set Aside the Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(3) and Request for a New Trial, filed November 13, 2017. Because Plaintiff failed to file the motion within a reasonable time, the Court is denying the motion.

**Procedural Background**

As indicated, a jury decided this case against Plaintiff on June 26, 2015, and the Court entered a judgment in favor of Defendant on July 10, 2015. Plaintiff subsequently filed a motion for new trial and renewed motion for judgment as a matter of law, which this Court granted in part on December 23, 2015. The Court

entered an amended opinion and order on January 4, 2016. Defendant filed a notice of appeal on January 20, 2016, and the Sixth Circuit reversed this Court's decision and remanded with instructions to enter judgment in favor of Defendant on March 31, 2017.

More than seven months later, on November 13, 2017, Plaintiff filed the pending motion. (ECF No. 123.) In the motion, Plaintiff argues that one of Defendant's key witnesses at trial, Chief Engineer Peter Warren, testified differently at trial as to how Plaintiff's accident occurred than he testified at his deposition. Contending that Defendant knew Chief Engineer Warren would change his testimony, Plaintiff argues that Defendant violated its obligations under Federal Rule of Civil Procedure 26(e) to supplement its prior discovery disclosures. While Plaintiff's counsel recognized when Chief Engineer Warren testified that his testimony had "completely flip-flopped," he states he was unable to respond as it happened so late in the trial.

Plaintiff further indicates in the motion that, while riding the elevator together at their hotel after Chief Engineer Warren's trial testimony, Chief Engineer Warren "told [Plaintiff] he was sorry for not telling the truth about how the accident happened but that he was afraid for his job." (Pl.'s Aff. ¶ 2, ECF No. 123-2 at Pg ID 4054.) Plaintiff did not share Chief Engineer Warren's confession with his trial counsel until "many months later" and after the trial was over. (*Id.*

2

¶ 3; Beaton Aff. ¶ 3, ECF No. 123-3 at Pg ID 4056.) Plaintiff maintains that Chief Engineer Warren's false testimony constitutes fraud or misconduct warranting relief under Federal Rule of Civil Procedure 60(b)(3).

Defendant filed a response to Plaintiff's motion on November 27, 2017. (ECF No. 124.) Defendant first argues that Plaintiff fails to present clear and convincing evidence of fraud, misrepresentation or misconduct by Defendant. Defendant further argues that Plaintiff's motion is untimely.

Plaintiff filed a reply brief on December 15, 2017. (ECF No. 127.)

**Applicable Law and Analysis**

Rule 60(b)(3) allows a district court to grant relief in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The rule establishes a time by which motions under the rule must be filed, however: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).[1] "The 'reasonableness' requirement of Rule 60[(c)]

---

[1] Whether the time limits in Rule 60 are jurisdictional or simply set forth an affirmative defense is unsettled under Sixth Circuit caselaw. *Compare Marcelli v. Walker*, 313 F. App'x 839, 841 (6th Cir. 2009) (stating rule is "jurisdictional") *with Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) (stating rule is an affirmative defense). This Court need not decide which line of cases to follow, however, as Defendant challenges the timeliness of Plaintiff's filing.

applies to all grounds; the one year limit on the first three grounds enumerated merely specifies an outer boundary." *Richard v. Allen*, No. 95-3451, 1996 WL 102419, at *1 (6th Cir. Mar. 7, 1996) (unpublished); *Deran Mktg. Corp. v. Fisher Foods, Inc.*, No. 84-3527, 1986 WL 16665, at *4 (6th Cir. Mar. 27, 1986) (unpublished) (explaining that "a motion under Rule 60(b)(1) will be held untimely if not brought within a reasonable time, even though brought within one year"); *Planet Corp. v. Sullivan*, 702 F.2d 123, 125-26 (7th Cir. 1983); *Cotto v. United States*, 993 F.2d 274, 280 (1st Cir. 1993); Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed.) at 232. In other words, the one-year period represents an extreme limit and a motion will be untimely if not made within a "reasonable time" even though the one-year period has not expired.

Whether the timing of a Rule 60(b) motion is reasonable "'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" *Thompson v. Bell*, 580F.3d 423, 443 (6th Cir. 2009) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

Plaintiff's counsel was aware that Chief Engineer Warren changed his testimony when he testified at trial on June 25, 2015. Counsel also knew on that date that Defendant had not supplemented its prior disclosures to reflect this

4

"newly remembered" testimony. As such, the conduct forming the basis for Plaintiff's current motion was known to counsel without his client sharing Chief Engineer Warren's apology for not telling the truth. Yet, counsel waited almost two and a half years to bring this conduct to the Court's attention and seek relief under Rule 60(b).

In reply to Defendant's assertion of untimeliness, Plaintiff contends that there was no reason for Plaintiff to argue this basis for review once the Court had overturned the jury's verdict and the matter was on appeal. The Court did not grant Plaintiff's directed verdict, however, until December 23, 2015—almost six months after Chief Engineer Warren's testimony and the verdict in favor of Defendant. In the meantime, Plaintiff filed a motion for new trial in which the current basis for relief could have (and should have) been raised.

Further, the Sixth Circuit issued its decision reversing this Court and remanding for entry of a judgment in Defendant's favor on March 31, 2017. The Sixth Circuit's mandate was issued May 24, 2017. All of the information on which Plaintiff rests his request for relief were known to him and his counsel long before then. Nevertheless, Plaintiff waited more than five additional months from the mandate to file the pending motion.

Plaintiff's delay will unduly prejudice Defendant. Defendant has been litigating this basic negligence case for almost five years, and has expended

resources to try this matter and respond to a previously filed motion for relief from judgment (as well as to appeal this Court's decision with respect to that motion). The accident that is the subject of the litigation occurred almost six years ago. Witnesses memories undoubtedly will have faded and make testifying in the event of a retrial difficult.

For all these reasons, the Court concludes that Plaintiff's Rule 60(b) motion was not filed within a reasonable time.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Set Aside the Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(3) and Request for a New Trial (ECF No. 123) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager